**RIDGEWOOD LAND COMPANY, INC.,**
Petitioner-Appellee-Cross Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant-Cross Appellee.**

No. 72-2949.

United States Court of Appeals,
Fifth Circuit.

March 23, 1973.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Lee H. Henkel, Jr., Chief Counsel, Raymond W. Sifly, Atty., Internal Revenue Service, Robert S. Watkins, Dept. of Justice, Tax Div., Washington, D. C., for appellant.

Charles L. Brocato, Hugh C. Montgomery, Jackson, Miss., for appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

This case is here on briefs and oral argument in the appeal of the Commissioner of Internal Revenue from a decision of the Tax Court of the United States, filed January 19, 1972.

The issue is whether, *under the particular facts of the case,* profits realized on 80.90 acres of land sold under direct threat of condemnation for public purposes are due to be taxed as ordinary income rather than as long-term capital gains.

The Tax Court found as facts: (1) that Ridgewood Land Company, Inc., acquired the property in 1962, for development and sale to customers in the ordinary course of its business; (2) that on October 12, 1965, while the land was yet in an undeveloped state, the Mississippi State Highway Department authorized its condemnation so as to acquire "fill dirt" for use on a highway construction project; and that (3) after Ridgewood learned that its original plans could not be accomplished because of the impending condemnation, it changed those intentions and thereafter held the acreage for investment.

Therefore, said the Tax Court, the acreage was a capital asset at the time of its sale to the construction contractor who expected to use it for the aforesaid purposes of the State Highway Department.

Finding ourselves in agreement with the decision of the Tax Court on this point, its Judgment is affirmed.

The taxpayer cross appeals the finding that the acreage was not originally acquired for investment. It is not necessary that we reach or decide that issue.

On both appeal and cross-appeal, the Judgment of the Tax Court is

Affirmed.